IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANITA ALSTON<br>and<br>LOTTIE ALSTON<br>and<br>LESLIE ALSTON<br><br>           Plaintiffs,<br>vs.<br><br>SRA ASSOCIATES, INC.<br><br>           Defendant. | Civil Action No. 10-2152 |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1.  This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereafter the "TCPA") and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4.  Plaintiff Danita Alston (hereafter "DA") is an adult individual residing at 9839 New Parke Road, Tampa, FL 33626.

5. Plaintiff Lottie Alston (hereafter "LoA") is an adult individual residing at 4953 Clubgreen Summit, Stone Mountain, GA 30088. At all times material hereto, Plaintiff LoA is Plaintiff DA's sister.

6. Plaintiff Leslie Alston (hereafter "LeA") is an adult individual residing at 28280 Red Raven Road, Pepper Pike, OH 44124. At all times material hereto, Plaintiff LoA is Plaintiff DA's brother.

7. Defendant SRA Associates, Inc., is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 401 Minnetonka Road, Hi-Nella, NJ 08083. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. **FACTUAL ALLEGATIONS**

8. At all pertinent times hereto, Defendant was hired by a Bank of America to collect a debt relating to consumer purchases that were allegedly originally owed by DA to Bank of America (hereafter the "debt").

9. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

10. In or about March, 2010, Defendant contacted DA at her place of residence, multiple times throughout the day in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

11.     Notwithstanding the above, on or about March 11, 2010, Defendant contacted DA at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.

12.     Notwithstanding the above, in or about the third week of March, 2010, Defendant contacted Plaintiff LeA on two occasions in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.  During these conversations, Defendant left messages on LeA's answering machine using an automated pre-recorded voice.

13.     Notwithstanding the above, on or about March 25, 2010, Defendant contacted Plaintiff LoA in an attempt to coerce payment of the debt with the intent to annoy, harass and abuse such persons contacted.  During this conversation, Defendant left messages on LoA's answering machine using an automated pre-recorded voice.

14.     Notwithstanding the above, on or about March 26, 2010, Defendant contacted LeA a third time in an attempt to coerce payment of the debt with the intent to annoy, harass and abuse such persons contacted.  During this conversation, LeA spoke to a representative of Defendant who disclosed the debt, was condescending and rude and demanded to speak with DA.  LeA advised Defendant that DA did not live at that phone number and to cease calling.

15.     Notwithstanding the above, on or about March 27, 2010, Defendant contacted LeA a fourth time in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted.  During this conversation, Defendant left messages on LeA's answering machine using an automated pre-recorded voice.

16.     Notwithstanding the above, on or about March 29, 2010, Defendant contacted LoA a second time at her place of residence in an attempt to coerce payment of the debt, with the

intent to annoy, harass, and abuse such persons contacted. During this conversation, Defendant left messages on LoA's answering machine using an automated pre-recorded voice.

17. Notwithstanding the above, on or about March 29, 2010, Defendant also contacted DA at her place of residence in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. During this conversation DA told Defendant to stop contacting her relatives.

18. Notwithstanding the above, on or about March 30, 2010, Defendant contacted DA at her place of residence in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted.

19. Notwithstanding the above, on or about April 20, 2010, Defendant contacted LeA a fifth time in an attempt to coerce payment of the debt with the intent to annoy, harass, and abuse such persons contacted. During this conversation, Defendant left messages on LeA's answering machine using an automated pre-recorded voice.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer for a purpose other than acquiring location information about the consumer.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

23.     The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to the non-debtor.

24.     Defendant knew or should have known that its actions violated the FDCPA and the TCPA.  Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

25.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

26.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

27.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiffs' credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiffs will continue to suffer same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

### V.  **FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA**

28.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

29.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31. The above contacts by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(3), 1692c(b), 1692d, 1692e, 1692e(10) and 1692f as evidenced by the following conduct:

    (a) Communication with any person other than the consumer for the purpose other than acquiring location information about the consumer;

    (b) Communicating with any person other than the consumer on more than one occasion;

    (c) Communicating with any person other than the consumer and stating such consumer owes any debt;

    (d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

    (e) Otherwise using false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

34. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## VII.   SECOND CLAIM FOR RELIEF- VIOLATION OF THE TCPA

35. Plaintiff LeA and LoA incorporate the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant initiated multiple automated telephone calls using a prerecorded voice to Plaintiffs LeA and LoA concerning a debt that Plaintiffs do not owe.

37. Defendant initiated these automated calls to Plaintiffs LeA and LoA using an automated telephone dialing system that had the capacity to store or produce telephone numbers using random or sequential number generation.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to, violations of 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(d)(1)(A) and 47 C.F.R.§ 64.1200 *et seq.* as evidenced by the following conduct:

    (a)    initiating telephone calls to Plaintiffs' residential telephone line using artificial or prerecorded voices to deliver messages without Plaintiffs' consent; and

    (b)    initiating telephone calls to Plaintiffs using an automated telephone dialing system that was not in compliance with the technical and procedural standards prescribed by the TCPA.

39.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

40.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense legal justification or legal excuse.

41.    As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiffs LeA and LoA respectfully pray that relief be granted as follows:

    (a)    An order directing that Defendant immediately cease and desist from calling Plaintiffs using any automated telephone dialing system and any system that uses an automated prerecorded voice pursuant to 47 U.S.C. § 227(b)(3)(A);

    (b)       That judgment be entered against Defendant for actual damages pursuant to 47 U.S.C. § 227(b)(3)(B);

    (c)       That judgment be entered against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

    (d)       That the Court award treble damages for Defendant's willful and knowing violations of the TCPA pursuant to 47 U.S.C. §227(b)(3); and

    (e)       That the Court grant such other and further relief as may be just and proper.

## VIII. THIRD CLAIM FOR RELIEF- INVASION OF PRIVACY

42. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

43. Defendant contacting DA's brother LeA repeatedly and disclosing the debt constitutes an invasion of privacy.

44. Defendant contacting DA's sister LoA repeatedly constitutes an invasion of privacy.

45. As a result of Defendant's above mentioned conduct, Plaintiffs sustained and continue to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiffs claim compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in their favor, plus lawful interest thereon.

## VI. JURY TRIAL DEMAND

46. Plaintiffs demand trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:  */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: May 11, 2010